IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **JACINDA GARDNER**, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) **Civil Action File No.** ) **4:13-CV-03399-RBH** ) |
| v. | ) ) |
| **GALARDI SOUTH ENTERPRISES CONSULTING, INC. d/b/a MASTERS GENTLEMEN'S CLUB**, | ) ) ) ) |
| Defendant. | ) ) ) |

### SPECIAL APPEARANCE AND RESPONSES TO LOCAL RULE 26.01 INTERROGATORIES OF DEFENDANT GALARDI SOUTH ENTERPRISES CONSULTING, INC.

COMES NOW SPECIALLY APPEARING DEFENDANT, Galardi South Enterprises Consulting, Inc. ("GSEC") and files its responses to the Court's Local Rule 26.01 Interrogatories as follows:

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**RESPONSE: Defendant GSEC is unaware of any person or legal entity who may have a subrogation interest in the claims asserted in this civil action.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**RESPONSE: Defendant GSEC believes each claim should be tried to a jury, unless first resolved on a motion for summary judgment.**

(C) State whether the party submitting these responses is a publicly-owned company and separately identify: (1) any parent corporation and any publicly-held

1

corporation owning ten percent (10%) or more of the party's stock: (2) each publicly-owned company of which it is a parent and (3) each publicly-owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**RESPONSE: Defendant GSEC is not a publicly-traded company. Defendant GSEC has no parent corporation and no publicly-held company owns ten percent (10%) or more of Defendant's stock. Defendant GSEC is not a parent of any publicly-traded company and Defendant GSEC does not own shares in any publicly-traded company.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civil Rule 3.01.

**RESPONSE: Defendant GSEC objects to venue in the Florence Division of the U.S. District Court of South Carolina because it is does not "do business as Masters Gentlemen's Club, and it is not subject to personal jurisdiction before this Court. Defendant GSEC has no contacts with the State of South Carolina, is not subject to personal jurisdiction under the State's Long-Arm statute, and the assertion of personal jurisdiction over Defendant GSEC would be fundamentally unfair given the nature of its contacts with the forum state.**

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will

2

be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE: No. Defendant GSEC is unaware of any related civil or criminal action in this district. Defendant GSEC respectfully disagrees with Plaintiff that this matter is "related" to** *Degidio v. Crazy Horse Saloon and Restaurant, Inc.*, **Case No. 4:13-cv-02136-RBH. Although the civil actions may allege similar claims for relief, theories of recovery, or causes of action, they involve completely different parties and, presumably, different facts.**

(F) If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**RESPONSE: Yes, Defendant GSEC has been improperly identified in this civil action inasmuch as it does not "do business as Masters Gentlemen's Club." The proper Defendant in this civil action should be Country Club, Inc. Defendant's lead counsel will accept service of an amended summons and pleading reflecting the correct identification.**

(G) If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**RESPONSE: Defendant GSEC does not contend that some other person or legal entity is liable to it.**

This 18th day of February, 2014.

          Respectfully submitted,

          */s/ Trenton H. Chambers*
          TRENTON H. CHAMBERS
          South Carolina Bar No. 13775
          Federal Court ID No. 8036

Chambers Law Firm
Trenton H. Chambers, P.A.
5307 N. Kings Hwy.
Myrtle Beach, SC 29577
(843) 692-7953 telephone
(843) 692-2363 facsimile

          SUSAN KASTAN MURPHEY
          (Admitted PHV)
          Georgia Bar No. 408498
          DEAN R. FUCHS
          (Admitted PHV)
          Georgia Bar No. 279170

Schulten, Ward & Turner, LLP
260 Peachtree Street
Suite 2700
Atlanta, GA  30303
(404) 688-6800
(404) 688-6840 facsimile

          Attorneys for Defendant, GSEC

5

## CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the within and foregoing **SPECIAL APPEARANCE AND RESPONSES TO RULE 26.01 INTERROGATORIES OF DEFENDANT GALARDI SOUTH ENTERPRISES CONSULTING, INC.** by using the court's CM/ECF system as follows:

|  |  |
|---|---|
| Gary F. Lynch | R. Bruce Carlson |
| glynch@carlsonlynch.com | bcarlson@carlsonlynch.com |
| | |
| Jamisen Etzel | James L. Ward, Jr. |
| jetzel@carlsonlynch.com | jward@rpwb.com |
| | |
| Benjamin J. Sweet | Edwin J. Kilpela, Jr. |
| bsweet@dscslaw.com | ekilpela@dscslaw.com |

This 18th day of February, 2014.

/s/ Trenton H. Chambers
TRENTON H. CHAMBERS

5