IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JACINDA GARDNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GALARDI SOUTH ENTERPRISES CONSULTING, INC. d/b/a MASTERS GENTLEMEN'S CLUB,<br><br>Defendant. | Case No. 4:13-cv-3399-RBH<br><br>**JURY TRIAL DEMANDED** |

## LOCAL CIVIL RULE 26.03 INFORMATION

**(1)    A short statement of the facts of the case:**

**Plaintiff:**

Plaintiff and the class members were dancers at Defendant's exotic entertainment business. Plaintiff alleges that she and other dancers were improperly classified as "independent contractors" and were not paid any wages or overtime. This misclassification was made despite Defendant's substantial control over Plaintiff and the class members in all aspects of their employment. Defendant required Plaintiff and the class members to forfeit a portion of the tips they earned from customers to pay Defendant and other employees of Defendant. Defendant required Plaintiff and the class members to pay fees to Defendant for a variety of unlawful reasons.

1

**Defendant:**

Defendant Galardi South Enterprises Consulting, Inc. does not do business as Masters Gentlemen's Club; it has never been Plaintiff's "Employer," and it does not employ, manage or control any exotic dancers.

(2)     **The names of fact witnesses likely to be called by the parties and a brief summary of their expected testimony.**

**Plaintiff:**

Plaintiff has not yet identified all fact witnesses absent discovery, but such testimony is expected to include the following:

Plaintiff Jacinda Gardner regarding Defendant's payment policies, required tips and fees, and Defendant's rules controlling the terms of employment.

Additional current and former employees of Defendant, whose names are not yet known to Plaintiff, regarding the same.

**Defendant:**

Defendant has not yet decided who it will call as a witness, but it will likely call Michael Kap, an officer of Galardi South Enterprises Consulting, Inc., who is expected to testify that Galardi South Enterprises Consulting, Inc. does not own or operate Masters Gentlemen's Club.

(3)     **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered):**

2

**Plaintiff:**

Plaintiff has not identified expert witnesses. Plaintiff may offer expert opinions on the subjects of compliance with state and federal employment laws in the operation of exotic entertainment businesses, class certification, and damages.

**Defendant:**

Defendant Galardi South Enterprises Consulting, Inc. sees no need for an expert witness at this time.

(4) **A summary of the claims or defenses with statutory and/or case citations supporting same:**

**Claim:**

1. Failure to pay minimum wage: 29 U.S.C. §§ 201 *et seq.*

2. Failure to pay overtime: 29 U.S.C. §§ 201 *et seq.*

3. Unlawful withholding of wages: South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 *et seq.*

4. Unjust enrichment: South Carolina common law. *E.g., Ellis v. Smith Grading and Paving, Inc.*, 294 S.C. 470, 474 (Ct. App. 1988).

**Defenses:**

1. Defendant is not subject to the requirements of the Fair Labor Standards Act;

2. Defendant was never Plaintiff's "Employer."

3. Defendant owes Plaintiff nothing.

(5) Absent special instruction from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

3

    (a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures:

           Plaintiff:    May 27, 2014

           Defendant:    June 23, 2014

    **(b)**    **Completion of discovery:**

           August 22, 2014, subject to the parties' responses to item (6) below.

    **(6)**    **The parties shall inform the Court whether there are special circumstances which would affect the time frames applied in preparing the scheduling order.**

For the Plaintiff: Plaintiff consents to the scheduling of a conference after disposition of Rule 23 or 29 U.S.C. § 216(b) motions for the purposes of determining the schedule for remaining deadlines.

For the Defendant: Defendant notes that this civil action has been styled as both a putative Rule 23 class action and a putative collective action under 29 U.S.C. § 216(b), a circumstance which is not generally contemplated by the Court's standard scheduling order or discovery plan. To the extent Plaintiff seeks Rule 23 class or Section 216(b) collective action certification, Defendant requests that it be allowed sufficient time, post-certification, to engage in discovery of the Rule 216(b) opt-in plaintiffs or other class claimants in this civil action, as the Court may determine is appropriate under the circumstances.

    **(7)**    **The parties shall provide any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.**

None.

February 28, 2014                    Respectfully submitted,

                                                                s/ James L. Ward, Jr.
                                                                James L. Ward, Jr.
                                                                Fed. ID No. 6956
                                                                **RICHARDSON, PATRICK,**
                                                                **WESTBROOK & BRICKMAN, LLC**
                                                                1037 Chuck Dawley Blvd.
                                                                Building A
                                                                Mt. Pleasant, SC  29464
                                                                Tel: 843-727-6500
                                                                Fax: 843-216-6509
                                                                jward@rpwb.com

                                                                Gary F. Lynch
                                                                R. Bruce Carlson
                                                                Jamisen A. Etzel
                                                                **CARLSON LYNCH LTD**
                                                                115 Federal Street, Suite 210
                                                                Pittsburgh, PA  15212
                                                                Tel: 412-322-9243
                                                                Fax: 412-231-0246

                                                                Benjamin J. Sweet
                                                                Edwin J. Kilpela, Jr.
                                                                **DEL SOLE CAVANAUGH STROYD LLC**
                                                                200 First Avenue, Suite 300
                                                                Pittsburgh, PA  15222
                                                                Tel: 412-261-2393
                                                                Fax: 412-261-2110

                                                                *Attorneys for Plaintiff*

s/ Trenton H. Chambers
Trenton H. Chambers
Fed. ID No. 8036
**CHAMBERS LAW FIRM,
TRENTON H. CHAMBERS, P.A.**
5307 N. Kings Highway
Myrtle Beach, SC 29577
Tel: 843-692-7953
Fax: 843-692-2363

Susan Kastan Murphy (GA Bar #408498)
Dean R. Fuchs (GA Bar #279170)
**SCHULTEN, WARD & TURNER, LLP**
260 Peachtree Street
Suite 2700
Atlanta, GA 30303
Tel: 404-688-6800
Fax: 404-688-6840

*Attorneys for Defendant*