IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jacinda Gardner, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Country Club, Inc. d/b/a Masters Gentlemen's Club,<br><br>Defendant. | Civil Action No.: 4:13-cv-03399-BHH<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiff's late-filed Notice of Consent to Join a Collective Action Under the FLSA. (ECF No. 106.) For the reasons set forth below, the motion is DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Jacinda Gardner is a former dancer at Defendant, the Country Club, Inc. d/b/a Master's Gentlemen's Club, a strip club in Myrtle Beach, South Carolina (the "Club"). On December 4, 2013, Plaintiff filed this civil action on behalf of herself and "all similarly situated employees" at the Club for overtime compensation and other relief against Defendant. Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10, *et seq.*

On September 8, 2014, Plaintiff moved for conditional class certification and judicial notice pursuant to § 216(b) of the FLSA, which the Court granted on September 30, 2015. The Court's September 30, 2015 Order approved the proposed class notice

1

submitted by Plaintiff and instructed the parties to comply with the procedures and deadlines set forth in the full memorandum opinion issued the same day in *DeGidio v. Crazy Horse Saloon and Restaurant, Inc.*, No. 4:13-cv-2136 (D.S.C.). The *DeGidio* opinion set forth a deadline of January 15, 2016 for the filing of Plaintiff consent forms. Plaintiff subsequently filed an unopposed motion to extend the deadline to file opt-in notices to March 17, 2016, which the Court granted. (ECF Nos. 90; 91.) Plaintiff's counsel filed a notice of consent to joinder form for Desiree Jackson ("Jackson") on May 6, 2016. (ECF No. 106.) Defendant objects to the notice and argues that the Consent Form should be stricken from the record. (ECF No. 108.)

## DISCUSSION

The FLSA provides that "[n]o employee shall be a party plaintiff to any [FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. §§ 216(b). While the FLSA outlines the procedure for individuals to join a collective action as potential plaintiffs under § 256(b), it does not specify when the potential plaintiffs must opt-in to the action. *E.g.*, *Heaps v. Safelite Solutions, LLC*, 2011 WL 6749053, at *1–2 (S.D. Ohio Dec. 22, 2011); *see* 29 U.S.C. §§ 216(b), 255, 256. Instead, opt-in deadlines are set by the trial court. Further, the FLSA does not set forth or otherwise prescribe the standard under which a trial court should consider whether potential plaintiffs may join a collective action by filing the requisite opt-in consent forms after the stated deadline. *Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y. 2009). As noted by the parties, "courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the

defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Id.* (collecting cases). Having carefully considered and balanced these factors, the Court concludes that allowing Jackson to join this action when Plaintiff failed to submit the requisite Consent Form before the March 17, 2016 deadline is not appropriate under the circumstances of this case.

As an initial matter, the Court is troubled by Plaintiff's complete failure to offer any explanation as to why she failed to timely return and file Jackson's Consent Form. The Court also questions why Plaintiff filed the Consent Form as a notice of joinder, rather than properly filing a motion seeking the Court's leave to file this untimely opt-in Consent Form. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). Plaintiff waited almost two months after the March 17, 2016 deadline had passed to file the Consent Form. Without any explanation as to the reason for the delay, the Court must assume there was no "good cause" for it.

Further, the interests of judicial economy are not served by allowing Jackson to join the pending action. Plaintiff asserts that should Jackson not be allowed to join, "her only option will be to file an identical, individual claim with the Court." (ECF No. 111 at 4.) According to Plaintiff, Jackson's claim would likely then be consolidated with the present lawsuit under Federal Rule of Civil Procedure 42(a), as both actions would "involve a common question of law or fact." (*Id.*) She argues that waiting for the eventual consolidation would waste judicial resources. (*Id.*) Defendant responds that Jackson

3

signed a binding arbitration agreement and states that it would file a motion to compel arbitration should Jackson file an individual claim.[1] (ECF No. 112 at 3.) Given the presence of the arbitration agreement and the federal policy favoring arbitration,[2] it is unlikely that Jackson's individual claim would be consolidated with this action. Thus, there is no cause to find that requiring Jackson to pursue her claim individually would waste judicial resources.

Because denying Jackson participation in the pending action would not cause unnecessary expense or effort, and Plaintiff has failed to offer any reason for her significant delay in filing the Consent Form, the Court concludes that excluding Jackson from this collective action is appropriate. In so finding, the Court recognizes that Defendant would not be particularly prejudiced by Jackson's participation in this action and that the FLSA is a remedial statute that should be given a broad reading. Nevertheless, for the reasons stated above, the Court finds it is not appropriate to permit Jackson to join this action under the circumstances of this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's late-filed Notice of Consent to Join a Collective Action Under the FLSA, (ECF No. 106), be STRICKEN from the record. Jackson is not permitted to join this collective action.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
February 3, 2017

---

[1] Defendant has attached the signed arbitration agreement to its brief. (ECF No. 112-1.)
[2] Here, the Court draws no conclusions as to the enforceability of the arbitration agreement signed by Jackson.

4